# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 12CR201** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Leandre M. Jeter,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant-Petitioner.** | ) | |

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Doc. 14). In his motion, Petitioner relies on *Johnson v.*

*United States*, 135 S. Ct. 2551, 2563 (2015), to argue that he was unconstitutionally sentenced as

a career offender under the residual clause of U.S.S.G. § 4B2(a)(2). In *Johnson*, the United

States Supreme Court struck down the analogous residual clause of the Armed Career Criminal

Act's definition of a "violent felony" as void for vagueness. More recently, however, the

Supreme Court held in *Beckles v. United States*, – U.S. –, – S. Ct. –, 2017 WL 855781 (U.S.

Mar. 6, 2017), that the United States Sentencing Guidelines are not subject to a vagueness

challenge under the Due Process Clause. Thus, *Johnson*'s vagueness holding does not apply to

the Sentencing Guideline provision under which Petitioner was sentenced. Petitioner's motion is,

therefore, DENIED.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/21/17

2